STATE of Missouri, Respondent,

v.

Reginald CARTER, Appellant.

No. 29878.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer Denied Jan. 31, 1979.

Application to Transfer Denied March 13, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of conviction of armed criminal action. § 559.225, RSMo Supp.1976.

Reginald L. Carter was charged with robbery in the first degree and armed criminal action. He pleaded guilty to the robbery charge. After his motion to dismiss the armed criminal action charge on the grounds that it arose from the same act as was the basis for the robbery charge and that prosecution and conviction on both charges would violate the Double Jeopardy clause of the United States Constitution had been overruled, that charge was submitted to the court sitting without a jury on the facts admitted by the defendant upon his guilty plea to the robbery charge.

Defendant was sentenced to ten years on the robbery charge and five years on the armed criminal action charge, the sentences to run concurrently. The appeal is directed at the armed criminal action conviction.

Carter, in pleading guilty to the robbery charge, stated that he and an accomplice called a cab. They entered in a cab and after a short ride, Carter and his accomplice each produced a gun and said: "This is a robbery, stop the car and pull over." Carter displayed a .25 automatic to the driver

and the accomplice placed a .22 revolver at the driver's head. They took the driver's money and watch and left.

Appellant's sole contention on this appeal is that the charge of armed criminal action "constituted a violation of double jeopardy proscriptions in that it subjected appellant to dual punishments for the same offense." The state questions the adequacy of appellant's preservation of his constitutional objection.

The state's objection need not be pursued. The answer to appellant's argument is found in the decision by the Missouri Supreme Court en banc in the case of *State v. Treadway*, 558 S.W.2d 646, 651–652[8–13] (1977). In that case, the defendant, convicted of robbery in the first degree, contended that conviction of armed criminal action stemming from the same acts placed him in double jeopardy. The court rejected the contention for the reason that "the two offenses are not the same in law, * * ."

Appellant asserts that the court's analysis in *Treadway* was wrong and that proper analysis would sustain his contention. This court is bound to follow the latest decision of the Supreme Court which is *Treadway*. This court cannot correct any allegedly erroneous reasoning applied in that case.

Judgment affirmed.

All concur.